Michael L. Greenwald (*to seek admission pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
(561) 961-5684 (Fax)
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erendira Ramirez, *on behalf of herself and others similarly situated*, | Civil Action No.: |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| Sears Brands, LLC, | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

**Nature of this Action**

1.  Erendira Ramirez ("Plaintiff") brings this class action against Sears Brands, LLC ("Defendant"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.  Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

    It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

    \*   \*   \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system and an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service, without prior express consent, in that it places autodialed calls, accompanied by an artificial or prerecorded voice, to wrong or reassigned telephone numbers.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a portion of the events giving rise to this action occurred in this district, and as Defendant transacts business in this district.

**Parties**

6. Plaintiff is a natural person who at all relevant times resided in Apache Junction, Arizona.

7. Defendant is an entity headquartered in Hoffman Estates, Illinois.

8. Defendant engages in the retail and online retail of home appliances in the United States and internationally. It sells auto products; baby products; clothing for men, women, girls, and boys; electronics; fitness and sports products; home products; jewelry;

outdoor products; shoes; tools; toys; Christmas and gift products; parts and services; and other products.[1]

**Factual Allegations**

9. Beginning in 2018, Defendant placed a number of calls to Plaintiff's cellular telephone number—(480)-XXX-3275.

10. Plaintiff is the subscriber to, and pays the monthly bill for, her cellular telephone number.

11. Plaintiff has had the same cellular telephone number since 2015.

12. Defendant placed at least one call to Plaintiff's cellular telephone number on May 1, 2018, May 8, 2018, and May 15, 2018.

13. Defendant placed its calls to Plaintiff's cellular telephone number from (888) 710-8432, a telephone number assigned to Defendant.

14. Upon placing an outbound call to telephone number (888) 710-8432, a message states, "Thank you for calling Sears…"

15. Upon information and good faith belief, Defendant's records will show additional calls it placed, or caused to be placed, to Plaintiff's cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

16. Each of Defendant's calls to Plaintiff's cellular telephone number was accompanied by an artificial or prerecorded voice message.

17. In particular, Defendant left a prerecorded voice message on Plaintiff's cellular telephone voice mail service on May 1, 2018, with the following message:

---

[1] https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapid=24886681 (last visited June 4, 2018)

3

> Hi, this is Sears Parts Direct. We are not able to process your scheduled water filter subscription automatic recorder because the credit card on file has expired or is invalid. To reactivate your subscription and resume receiving the automatic reorders, please contact us at 1-888-710-8432 to update your information. Your subscription will resume immediately after the update and you can continue to enjoy clean, fresh water without interruption. Again, that number is 1-888-710-8432. Thank you, looking forward to hearing from you soon.

> Hi, this is Sears Parts Direct. We are not able to process your scheduled water filter subscription automatic recorder because the credit card on file has expired or is invalid. To reactivate your subscription and resume receiving the automatic reorders, please contact us at 1-888-710-8432 to update your information. Your subscription will resume immediately after the update and you can continue to enjoy clean, fresh water without interruption. Again, that number is 1-888-710-8432. Thank you, looking forward to hearing from you soon.

18. On May 8, 2018, Defendant left a prerecorded voice message on Plaintiff's cellular telephone voice mail service, with the following message:

> or is invalid. To reactivate your subscription and resume receiving the automatic reorders, please contact us at 1-888-710-8432 to update your information. Your subscription will resume immediately after the update and you can continue to enjoy clean, fresh water without interruption. Again, that number is 1-888-710-8432. Thank you, looking forward to hearing from you soon.

19. In addition, Plaintiff answered one of Defendant's calls, and was greeted with an artificial or prerecorded voice message.

20. Defendant's calls were intended for a recipient other than Plaintiff.

21. On June 4, 2018, Plaintiff called (888) 710-8432 for the purpose of informing Defendant that it was calling the wrong number and to stop calling. However, Plaintiff was unable to do so as she was placed on hold and, despite waiting for seven minutes, was not transferred to a live operator.

22. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

23. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

24. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations*

*Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

25. Defendant used an artificial or prerecorded voice to leave at least two voice messages on Plaintiff's cellular telephone voice mail service.

26. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

27. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

28. Upon information and good faith belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

29. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

30. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

31. Plaintiff is not, nor was, one of Defendant's customers.

32. Plaintiff does not, nor did, have a business relationship with Defendant.

33. Plaintiff did not have a "water filter subscription" with Defendant.

34. Plaintiff never had her "credit card on file" with Defendant.

35. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

36. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

37. Plaintiff suffered actual harm as a result Defendant's calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

38. As well, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

39. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

40. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Sears Brands, LLC placed calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification, (5) absent prior express consent—in that the called party was not a Sears Brands, LLC customer.

41. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

7

42. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

43. The exact number of members of the class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

44. The proposed class is ascertainable because it is defined by reference to objective criteria.

45. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties.

46. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

47. Like all members of the proposed class, Plaintiff received autodialed calls from Defendant, without her consent, on her cellular telephone, in violation of 47 U.S.C. § 227.

48. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

49. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

51. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

52. There will be little difficulty in the management of this action as a class action.

53. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

54. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the TCPA;

   b. Defendant's use of an automatic telephone dialing system, as defined by the TCPA, to place calls to cellular telephone numbers;

   c. Defendant's use of an artificial or prerecorded voice in connection with placing calls to cellular telephone numbers;

   d. Defendant's practice of calling wrong or reassigned cellular telephone numbers; and

   e. the availability of statutory damages.

55. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

56. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-55.

57. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without her consent.

58. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Trial by Jury**

59. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed class without prior express consent;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Dated: June 7, 2018          Respectfully submitted,

*/s/ Michael L. Greenwald*
Michael L. Greenwald*
Greenwald Davidson Radbil PLLC

*to seek admission pro hac vice*